IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20453
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GRATINIANO TOVAR-VALENCIA, also known as Carlos Alberto,
Ramirez-Hurtado, also known as Gratiniano Tovar Valencia,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-5
- - - - - - - - - -
February 11, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:*

     Gratiniano Tovar-Valencia appeals his guilty-plea conviction
for being found unlawfully in the United States after having been
previously convicted of an aggravated felony and deported, in
violation of 8 U.S.C. § 1326.  He argues that his guilty plea was
not intelligently and voluntarily given because the district court
varied from the procedures set forth in Fed. R. Crim. P. 11, and
these variances affected his substantial rights.  As mandated by

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993)(en banc), the record, the transcripts, and the briefs of the parties have been carefully examined to see whether error was committed and if so, whether that error was harmful.

Specifically, Tovar-Valencia argues that the district court failed to advise him of his Fifth Amendment right not to plead guilty. The district court twice asked Tovar-Valencia whether he was choosing not to have a trial by jury, and pointed out that he had a Fifth Amendment right to remain silent and not to testify or give statements against his best interest. This is not a variance from the letter or the spirit of Rule 11. *See United States v. Henry*, 113 F.3d 37, 42 (5th Cir. 1997).

Tovar-Valencia also argues that the court's failure to mention the effect of the Sentencing Guidelines and failure to inform him of the effects of violation of the conditions of supervised release affected his substantial rights.

While the district court may have erred in failing to describe the effects of the Sentencing Guidelines and supervised release, that does not mean that these were harmful errors. *See United States v. Tuangmaneeratmun*, 925 F.2d 797, 804 (5th Cir. 1991); *United States v. Herndon*, 7 F.3d 55, 57 (5th Cir. 1993).

Tovar-Valencia has not argued that either of these two failures affected his decision to plead guilty. At the Rule 11 colloquy, Tovar-Valencia was informed that the maximum sentence would be twenty years. There is no showing that knowledge of the

effect of the sentencing guidelines would have affected his decision to plead guilty. Details concerning the effects of supervised release may well have been irrelevant, given the likelihood that Tovar-Valencia will again be deported upon release. *See United States v. Steele*, No. 93-1910, slip op. at 2-3 (5th Cir. Sept. 22, 1994)(unpublished)(copy attached); *see also* 5th Cir. R. 47.5.3 (unpublished opinions issued before January 1, 1996, are precedent).

Tovar-Valencia also argues that the district court failed to advise him of his Sixth Amendment right to assistance of counsel at trial whether or not he could afford an attorney, the right to confrontation, and the right to cross-examination, and he argues that had he been advised by the court of these rights, he might have decided to go to trial.

Tovar-Valencia was found in the United States after having been deported, and he had previously been convicted of an aggravated felony as defined by the Immigration and Naturalization Act. The evidence that he had committed the offense of which he was convicted was strong. *See United States v. Bond*, 87 F.3d 695, 702 (5th Cir. 1996). There is no great likelihood that had he been informed of his Sixth Amendment rights, he would have chosen to go to trial; therefore, the court's failure to advise him of these rights was harmless error. *See Henry*, 113 F.3d at 42.

AFFIRMED.